Filed 10/20/25  P. v. Sayles CA4/1
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

|  |  |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>ARVONTAE ANTHONY SAYLES,<br><br>    Defendant and Appellant. | D084852, D084853, D084855<br><br><br>(Super. Ct. Nos. SCD298776, SCD301049, SCD301974) |

CONSOLIDATED APPEALS from judgments of the Superior Court of San Diego County, Robert O. Amador, Judge.  Affirmed.

Joshua Peter Visco, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Arvontae Anthony Sayles appeals the trial court's calculation of conduct credits when it concurrently sentenced him in three cases.[1]

---

1    On July 16, 2024, the trial court sentenced Sayles in Superior Court case Nos. SCD298776, SCD301049, SCD301974 and entered judgment in all three cases.

His counsel has filed a brief seeking our independent review of the record pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) and *Anders v. California* (1967) 386 U.S. 738 (*Anders*) to determine whether there are any arguable issues for review.  We sent Sayles notice that his attorney had filed a *Wende* brief and provided him with the opportunity to file a supplemental brief.  He has not responded.  After our independent review of the record, we affirm the judgments.

## FACTUAL AND PROCEDURAL BACKGROUND

A. *Case No. SCD298776*

On May 8, 2023, Sayles pled guilty to unlawfully taking a vehicle valued at more than $950 without consent and with the intent to deprive the owner of it.  (Veh. Code, § 10851, subd. (a).)  The plea deal provided that if Sayles complied with probation, showed proof of employment or school enrollment, and paid restitution, the felony could be reduced to a misdemeanor after 18 months.  He was released on his own recognizance pending sentencing.

B. *Case No. SCD301049*

Before the court could sentence him in the prior case, Sayles committed another crime.  On December 19, 2023, he pled guilty to unlawfully buying, receiving, concealing, selling, or withholding a motor vehicle.  (Pen. Code,[2] § 496 subd. (d).)  The plea deal provided that the crime to which he pled guilty in SCD298776 would remain a felony.  Per the agreed upon plea, the court referred Sayles to be screened for a work furlough program and set a date for a probation hearing and sentencing.

---

[2]      Undesignated statutory references are to the Penal Code.

C. *Case No. SCD301974*

In the meantime, in August and October 2023, Sayles committed a series of additional crimes. On June 14, 2024, in a second amended felony complaint, the People charged Sayles with 10 counts. He pled guilty the same day to five counts of conspiracy (§ 182, subd. (a)(1), counts 1, 3, 5, 7, and 9), two counts of carjacking (§ 215, subd. (a), counts 2 and 8), two counts of second degree robbery (§§ 211, 212.5, subd. (b), counts 4 and 6), and one count of first degree robbery (§ 211, count 10). He admitted the allegation that he was released from custody on a primary offense when he was arrested for the secondary offense. (§ 12022.1, subd. (b).) Sayles also admitted four aggravating factors.

D. *Sentencing*

On July 16, 2024, the court sentenced Sayles in all three cases. The court imposed a five-year sentence on count 2, added two consecutive 16-month terms for counts 4 and 6, and imposed a one-year consecutive term for count 10. It struck the section 12022.1, subdivision (b) enhancement, imposed a concurrent five-year term on count 8, and stayed the remaining sentences. Per the plea agreement in SCD301974, the court further imposed a consecutive eight-month term for each of the guilty pleas in SCD298776 and SCD301049, for a total sentence of 10 years.

Counsel for Sayles argued that *People v. Ramos* (1996) 50 Cal.App.4th 810 was incorrectly decided to the extent it provided that, if any part of a sentence was for a violent crime, all the custody credits should be reduced under section 2933.1. He asked the court not to apply section 2933.1 to presentence custody time and the two consecutive eight-month sentences attributable to the SCD298776 and SCD301049 crimes because they involved nonviolent felonies. The court rejected this argument on the grounds that

3

there was no legal question on this issue and applied section 2933.1 to all the custody credits.  It gave Sayles 253 actual days of credit and 37 days of custody credits.

E. *Appeals*

Sayles filed timely appeals in all three cases on September 11, 2024. On January 1, 2025, we granted Sayles's unopposed motion to consolidate the appeals.

### DISCUSSION

As previously noted, appellate counsel filed a *Wende* brief and asks the court to independently review the record for error.  To assist the court in its review of the record, and in compliance with *Anders*, counsel has identified the following possible issue that was considered in evaluating the potential merits of this appeal:  whether the trial court erred in awarding presentence custody credits pursuant to section 2933.1 on the entire sentence.

We have reviewed the record for error as required by *Wende* and *Anders*.  We have not discovered any arguable issues for reversal on appeal. Competent counsel represented Sayles on this appeal.

4

## DISPOSITION

The judgments in all three cases are affirmed.


                                        O'ROURKE, Acting P. J.

WE CONCUR:



BUCHANAN, J.



CASTILLO, J.